IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| ATLANTIC STATES INSURANCE COMPANY, | * * * * | |
| Plaintiff, | * * | CV 118-004 |
| v. | * * | |
| BULLDAWGS LAWNCARE INC. et al., | * * * | |
| Defendants. | * | |

# O R D E R

Before the Court are Defendants' motions to dismiss. (Docs. 13, 21.) Defendant Dustin Michael Vanhouse is the president of Defendant Bulldawgs Lawncare ("Bulldawgs"). In 2011, Bulldawgs contracted with Defendants Brad Hogsed and Jennifer Hogsed (the "Hogseds") to build a retaining wall at their home in Evans, Georgia. In September 2015, the retaining wall collapsed. The Hogseds sued Bulldawgs and Vanhouse in Columbia County Superior Court. In May 2018, a jury found both Bulldawgs and Vanhouse liable for $120,000 in damages and $60,000 in attorney's fees.

Prior to the jury trial in state court, Plaintiff, the insurer of Bulldawgs, filed a complaint for declaratory judgment in this Court seeking release from its duty to defend and duty to indemnify. (Doc. 1.) The Hogseds moved to dismiss on the

grounds that: (1) the amount in controversy did not exceed $75,000; and (2) the Court should decline to exercise jurisdiction pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, due to the imminent state court trial on the issue of liability. (Doc. 13.) Bulldawgs and Vanhouse filed their own motion to dismiss incorporating by reference all the arguments made in the Hogseds' motion to dismiss. (Doc. 21.) After securing a verdict in state court, however, the Hogseds withdrew their motion to dismiss with respect to their jurisdictional arguments. (Doc. 35.) Bulldawgs and Vanhouse made no such withdrawal of their own motion to dismiss.

First, to the extent that Bulldawgs and Vanhouse continue to object to this Court's subject matter jurisdiction, the Court finds no basis in their objection. Plaintiff seeks to avoid the expenses related to defending and indemnifying Bulldawgs and Vanhouse. The jury in the state court action awarded compensatory damages of $120,000 and attorney's fees of $60,000. These expenses far exceed the $75,000 amount in controversy requirement. Accordingly, the Court finds that it has subject matter jurisdiction over this matter.

Second, the Court rejects Defendants' request to decline jurisdiction pursuant to the Declaratory Judgment Act. The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may

2

declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. "The Declaratory Judgment Act is an enabling Act, which confers a discretion on courts rather than an absolute right upon the litigant." Ameritas Variable Life Ins. Co. v. Roach, 411 F.3d 1328, 1330 (11th Cir. 2005) (citations and quotations omitted). Because Defendants have presented no compelling reason why this Court should dismiss Plaintiff's complaint, the Court will allow Plaintiff's declaratory judgment action to proceed.

Accordingly, the Court **DENIES** Defendants' motions to dismiss. (Docs. 13, 21.)

**ORDER ENTERED** at Augusta, Georgia, this 20th day of August, 2018.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA